## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN DAVID KRAMER, | : | CIVIL ACTION NO. 1:25-CV-612 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| BETH A. RICKARD, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Sean David Kramer, asserts that the United States Bureau of Prisons ("BOP") is improperly denying him time credits towards his sentence under the First Step Act ("FSA"). The petition will be dismissed without prejudice for failure to exhaust administrative remedies.

### I.    Factual Background & Procedural History

Kramer, an inmate in Schuylkill Federal Prison Camp, is serving a 210-month sentence of imprisonment imposed by the United States District Court for the District of Iowa for conspiracy to distribute methamphetamine and unlawful possession of a firearm. (Doc. 1-1 at 6). He filed the instant petition on March 17, 2025, arguing that the BOP is unlawfully denying him credits under the FSA, and the court received and docketed his petition on April 4, 2025. (Doc. 1). Kramer admits that he did not attempt to complete the BOP's administrative remedy program prior to filing the petition, but he argues that he is not required to do so because the Prison Litigation Reform Act ("PLRA")'s requirement that prisoners

exhaust administrative remedies prior to filing suit does not apply to habeas corpus petitions filed pursuant to Section 2241. (Id. at 1).

## II.    <u>Legal Standard</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.    <u>Discussion</u>

Dismissal of this case under Rule 4 is appropriate because Kramer has failed to exhaust administrative remedies. Kramer's sole argument as to why he does not have to exhaust administrative remedies is that the PLRA's exhaustion requirement does not apply to Section 2241 petitions. (Doc. 1 at 1). Although he is correct that there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-

.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. <u>Id.</u> §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. <u>Id.</u> § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. <u>Moscato</u>, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. <u>Vasquez v. Strada</u>, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. <u>Rose v. Lundy</u>, 455 U.S. 509, 516 n.7 (1982).

Thus, because Kramer acknowledges that he has not exhausted administrative remedies, his argument regarding the PLRA is unavailing, and there does not appear to be any other basis to excuse exhaustion, his petition will be dismissed without prejudice for failure to exhaust administrative remedies.

**IV.**     <u>**Conclusion**</u>

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

<u>/S/ Keli M. Neary</u>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     April 25, 2025

3